38 F.3d 1218
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Juan Garcia MONTEZ, Petitioner-Appellant,
v.
Samuel LEWIS,** et al., Respondents-Appellees.
 No. 94-15664.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 17, 1994.*
Decided Oct. 21, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Juan Garcia Montez, an Arizona state prisoner, appeals pro se the denial of his 28 U.S.C. Sec. 2254 habeas corpus petition. Montez claims that he was improperly denied a transcript while pursuing a state court petition for post-conviction relief. We have jurisdiction under 28 U.S.C. Sec. 2253, and we affirm.
 
 
 3
 Montez was convicted of first degree murder and armed robbery in Arizona superior court in 1982. His attorney was provided copies of the trial transcripts. The Arizona Court of Appeals and Supreme Court affirmed Montez's conviction. Montez then asked his attorney to forward the trial transcripts, but he never received them. Montez filed an Ariz.R.Crim.P. 32 petition for post-conviction relief in superior court, claiming only that he was entitled to copies of the trial transcripts at public expense in order to determine whether he had any viable post-conviction claims. The superior court appointed counsel and granted counsel's motion to dismiss the Rule 32 petition without prejudice. The superior court also denied Montez's motion for rehearing, and the state appellate courts affirmed, finding that the lack of transcripts did not violate Montez's constitutional rights, and his Rule 32 petition was properly dismissed for failure to raise a colorable claim.
 
 
 4
 If a state provides for appellate review of criminal convictions, then it must supply free trial transcripts to indigent defendants. Griffin v. Illinois, 351 U.S. 12, 18-19 (1956) (relying upon Due Process and Equal Protection Clauses); see also Draper v. Washington, 372 U.S. 487, 499-500 (1963) (state trial court cannot deny indigent defendant a transcript based upon court's assessment that defendant's direct appeal is frivolous). The Constitution does not, however, require the government to provide transcripts to defendants who have had a prior opportunity to obtain transcripts and have yet to make non-frivolous collateral attacks on their convictions. United States v. MacCollom, 426 U.S. 317, 326 (1976) (plurality opinion) (federal defendant); see Bounds v. Smith, 430 U.S. 817, 822 n. 8 (1977) ("The only cases that have rejected indigent defendants' claims to transcripts have done so either because an adequate alternative was available but not used, or because the request was plainly frivolous and a prior opportunity to obtain a transcript was waived." (Citations omitted.)).
 
 
 5
 Arizona law provides as follows regarding defendants who file Rule 32 petitions:
 
 
 6
 If the record of the trial proceedings has not been previously transcribed, the defendant may request on a form provided by the clerk of court that the record be prepared. The court shall order those portions of the record prepared that it deems necessary to resolve the issues to be raised in the petition. The preparation of the record shall be at county expense if the defendant is indigent. The time for filing of the petition shall be tolled from the time a request for the record is made until the record is prepared or the request is denied.
 
 
 7
 Ariz.R.Crim.P. 32.4(d).
 
 
 8
 The Supreme Court has upheld this type of procedure for obtaining transcripts at public expense. See MacCollom, 426 U.S. at 326. Like the defendant in MacCollom, Montez has not yet given the superior court the opportunity to determine whether the transcript is required to resolve his Rule 32 claims, because he has not yet informed the court of the claims he will make, as required by Rule 32.4(d). See id.
 
 
 9
 Accordingly, we AFFIRM the district court's judgment.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Samuel Lewis is substituted for Warden Czneriak pursuant to Fed.R.App.P. 43(c)(1)
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3